UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR D. PHILLIPS, JR.,

    Plaintiff,

    v.                            CAUSE NO. 3:24-CV-310-DRL-AZ

BENJAMIN MATTINGLY,

    Defendant.

OPINION AND ORDER

Victor D. Phillips, Jr., a prisoner without a lawyer, filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Phillips, who is housed at the St. Joseph County Jail, filed an amended complaint alleging that since May 28, 2024, his criminal defense attorney, Benjamin Mattingly, and the St. Joseph County Prosecutor's Office have deliberately delayed releasing him from jail. ECF 7 at 2. He says he sent federal reserve notes to St. Joseph County Jail and Mr. Mattingly to use as bail for his release. *Id*. Mr. Phillips asserts that, after he drafted and sent Mr. Mattingly a $3,000 federal reserve note, he asked Mr.

Mattingly to prepare a written statement acknowledging he had received the note. *Id*. Because the federal reserve note did not have any value and could not be used for bail, Mr. Mattingly indicated he would send the note back to Mr. Phillips. *Id*. at 2-3. However, Mr. Phillips asserts he later learned that Mr. Mattingly, who was initially a court appointed attorney, used the $3,000 federal reserve note as a retainer for his legal services, instead of using it to post bond. *Id*. at 3. He says he drafted the federal reserve note for the sole purpose of securing his release from the St. Joseph County Jail. *Id*. Mr. Phillips seeks money damages and asks that Mr. Mattingly be prosecuted. *Id*. at 4.

To the extent that Mr. Phillips is suing Mr. Mattingly because he is unhappy with his representation in his criminal matter, he cannot proceed against him. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Though the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that the defendants' actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the state and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Mr. Phillips cannot proceed against Mr. Mattingly.

To the extent Mr. Phillips is suing Mr. Mattingly for violations of Indiana law, this court declines to exercise jurisdiction over those claims in the absence of a federal claim. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

As a final matter, Mr. Phillips filed a letter dated May 17, 2024 requesting various forms of relief. ECF 5. He asks to be appointed co-counsel, an administrative assistant, and an interpreter for the proceedings in this case. Because the amended complaint does not state a claim, this relief is unnecessary. Mr. Phillips also requests a copy of the chronological case summary, summons, briefing, motion of discovery, and opinion transcripts for this case. Other than the chronological case summary, it is unclear what Mr. Phillips is referencing as the court's docket does not contain any of these filings. To the extent Mr. Phillips requests copies of similar filings for two of his state criminal cases and asks the Indiana Supreme Court to grant a motion on his behalf, this court does not have the authority to grant this type of relief. Accordingly, the relief Mr. Phillips requests in his May 17, 2024, letter will be denied in all respects, except for his request for a chronological case summary for this case.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile."

*Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DENIES the relief requested in Victor D. Phillips, Jr.'s May 17, 2024, letter, except for his request for a chronological case summary for this case (ECF 5);

(2) DIRECTS the clerk to send Victor D. Phillips, Jr. a copy of the docket sheet for this case;

(3) DISMISSES this case under 28 U.S.C. § 1915A; and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

August 15, 2024                                 *s/ Damon R. Leichty*
                                                Judge, United States District Court